**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **JANET PUNTY,** | : | **CIVIL ACTION NO.** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ACCENTURE** | : | |
| **Defendant.** | : | **OCTOBER 23, 2015** |

## COMPLAINT

**INTRODUCTION**

1.      This is an action for money damages and other relief for violation of the

Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA") and the

Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-58, *et seq.*

("CFEPA").

**THE PARTIES**

2.      Plaintiff, Janet Punty, is an individual residing in Simsbury, Connecticut.

Plaintiff is currently 66 years old.

3.      Defendant, Accenture LLP, is a foreign corporation having its corporate

offices located at 161 North Clark Street, Chicago, Illinois.  Defendant is duly authorized

to conduct business in Connecticut and maintains offices at One Financial Plaza,

Hartford Connecticut 06103 and 20 Stanford Drive, Farmington Connecticut 06032.

4.      At all times relevant to this Complaint, Defendant was an employer as that

term is defined in the ADEA and CFEPA.

**JURISDICTION**

5.     The United States District Court for the District of Connecticut has subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1331 because it asserts claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634.

6.     Supplemental jurisdiction exists over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**PROCEDURAL REQUIREMENTS**

7.     On or about November 20, 2014, Plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), alleging age discrimination and retaliation in violation of state law.  Said charge was designated as CHRO No. 1510228.

8.     Plaintiff's CHRO charge was jointly filed with the U.S. Equal Employment Opportunity Commission "(EEOC") since it implicated violation of a federal anti-discrimination and retaliation law.  Said charge was designated as EEOC No. 16A-2015-00367.

9.     On or about July 21, 2015, Plaintiff requested a Release of Jurisdiction from the CHRO to pursue her claims under state law, and the CHRO issued the Release of Jurisdiction on or about July 31, 2015.  Plaintiff has commenced this action within 90 days of receiving the Release of Jurisdiction.

10.     On or about July 21, 2015, Plaintiff requested a Right to Sue letter from the EEOC to pursue her claims under federal law, and the EEOC issued the Right to

2

Sue letter on or about August 20, 2015.  Plaintiff has commenced this action within 90 days of receiving the Right to Sue letter.

**FACTUAL BACKGROUND**

11.     Plaintiff began working as a full time employee of Defendant in 1976, after over two years' prior part time employment with Defendant.  Plaintiff was continuously employed by Defendant on a full time basis for over 38 years until the time of her discharge by Defendant.

12.     Throughout her employment with Defendant, Plaintiff performed her job responsibilities in a professional, highly competent manner, consistently receiving extremely positive performance reviews.  Plaintiff was promoted several times, and by July 2014 she was responsible for the management of the Defendant's Hartford and Farmington offices, as well as Defendant's US operations (38,000+ employees)  for OSHA, Ergonomics Program, Employee Relations ADA request program – "Doctor to Doctor" and the Leadership Balanced Scorecard and Metrics Report.

13.     After Plaintiff turned 55 years of age, she noticed a change in attitude toward her by management.  Her direct supervisor, Kelly Kalich-Cohen, Regional Managing Director for the Northeast,   frequently asked her about her plans for retirement – stating "we have to get you to retirement."   Plaintiff would never respond such remarks.

14.     At the Forte Institute training meeting for managers and supervisors in Washington, D.C. on  January 8 and 9, 2007 a new  supervisor, Rana Bonfa, asked Kelly Kalich-Cohen and the trainer, Keith Ellson, how to best get rid of older workers who have been with the firm a long time.   Instead of letting her know that it was illegal

3

to single them out on the basis of age, they told her to work with Human Resources to reduce exposure.   At that point Mr. Ellson turned to Plaintiff and Fran Toreno (NY manager), and asked if they were coasting to retirement.  He then went on to say that Plaintiff's profile update went from non-conforming to conforming and that at "her age" maybe she was thinking about retiring, and therefore becoming more conforming so as not to get fired.   Plaintiff and Fran Toreno informed Mr. Ellson that they had not thought about retiring and had no plans to retire.  This conversation took place during the training with all attendees present.

15.     On July 8, 2014, Plaintiff received a telephone call from Lloyd Sineni.  Mr. Sineni informed Plaintiff that, due to a restructuring, a decision had been made that the Hartford office would not have a manager any more, that it would be overseen by the Boston office, and that her last date of employment would be August 29, 2014.  When Plaintiff pressed Mr. Sineni for more information regarding the "restructuring" that would eliminate her position, and who else would be affected, he informed her that he would be making phone calls over the next few days but could not give her any more information.   When Plaintiff asked about other possible roles, Mr. Sineni's response was that many positions were eliminated.  He would not answer.  Plaintiff found out later many people were placed in different roles.

16.     Plaintiff's strong record of accomplishments, her management of both the Hartford and Farmington offices, as well as her critical roles in various high-profile programs for the benefit of Defendant's national workforce, were purposely not properly factored into the decision to terminate her employment instead of the employment of a less qualified, younger employee.

17.     Compounding the discriminatory decision to terminate her because of her age, Plaintiff was later prevented from seeking to "re-level," which was disparate treatment on the basis of age, and involved a process that had a disparate impact on the basis of age.

18.     Over the next few days, Plaintiff learned that there would be a substantial number of people affected by this "restructuring."  Although some of these individuals were going to be terminated, others would be allowed to "re-level" (take a position one step down from their current level).

19.     Ten of the 12 individuals terminated in the so-called "restructuring", including Plaintiff, were 40 years of age or older.

20.     Plaintiff challenged the Defendant's layoff/re-leveling processes and decisions, claiming that the decisions were discriminatory because they treated older candidates differently and the process had a disparate impact on older employees.

21.     On July 21, 2014, Defendant posted a job opening for Senior Analyst in Hartford.  Plaintiff applied for the position on July 28, 2014.  Having served as manager for this position for a number of years, Plaintiff was familiar with all the job responsibilities of the position, and had all the knowledge, qualifications and skills to excel in the position.

22.     On July 30, 2014, Plaintiff was contacted by Ebony Mitchell, a recruiter for Defendant, who requested Plaintiff's resume and conducted a brief telephonic interview.  Ms. Mitchell asked why Plaintiff was applying for the position, and whether she was able to do the day-to-day functions of the position.  Plaintiff explained that she was under notice of termination, that there were not a lot of positions open, especially in the

Hartford area, and that she had supervised the position for some time so was familiar with the responsibilities, and, with minimal hands-on training, would definitely have no problems doing the job.

23.     On August 1, 2014, Plaintiff was contacted by Jay Tsigas who performed a "skills analysis" with Plaintiff.  At the end of the skills analysis interview, Mr. Tsigas informed Plaintiff that Mr. Sineni was on vacation, would be back the next week, and that they would be in touch with her.  He indicated to Plaintiff that the interview had gone very well.

24.     On August 5, 2014, Plaintiff spoke with Bobbie Weston, lead of Defendant's Tampa office.   A similar position had been posted in Tampa but Bobbie informed Plaintiff the position in Tampa was pulled.   The recruiter had told Ms. Weston that "Leadership wants who they want."   She said that the interviews and suggestions from recruiting didn't match what Leadership wanted.   Ms. Weston stated the logical candidate worked in Tampa for 12 years under her guidance doing the exact role that was posted.   Leadership wanted another employee, Josh Reed, to get the position. Josh Reed is a much younger candidate and with less experience.   Ms. Weston was told the senior analyst position would not be filled then.

25.     Shortly after the conversation with Ms. Weston, on August 5, 2014, Plaintiff received a note from Ms. Mitchell stating that the Hartford position was no longer available, that Defendant would not be filling the position.  Ms. Mitchell indicated that if the position became available again, Plaintiff would be contacted, but she never was.

26.     On August 9, 2014, Kristen Slattery, Managing Director Global
Geographic Services, wrote "I want a hold on all new positions in Workface Leadership,
including the roles in Hartford and Tampa.  The interview process can continue but NO
Offers can be made right now."

27.     The positions in Hartford and Tampa were not positions in Workforce
Leadership, and not part of the hold on such positions.  They were singled out because
the leading candidates for these positions were not the ones that Leadership, including
Mr. Sineni and Ms. Slattery, wanted.  The more qualified candidates for these jobs were
not hired, and the positions not filled for the present, due to age discrimination.

28.     Mr. Sineni and Ms. Slattery also did not want new positions in Workplace
Leadership filled using conventional screening and selection because they would have
had to retain the older workers.

**COUNT ONE:     DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION
IN EMPLOYMENT ACT OF 1967, 29 U.S.C. §§ 621-634**

1-28    Paragraphs one through twenty-eight above are incorporated by reference
and made paragraphs one through twenty-eight of Count One as though fully set forth
herein.

29.     Based on the foregoing, Plaintiff was discriminated against in the terms
and conditions of her employment on the basis of her age in violation of the Age
Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634.

30.     Defendant discriminated against Plaintiff by subjecting her to disparate
treatment, denying her re-leveling opportunities, and ultimately terminating her
employment.

7

31.     The aforementioned actions on the part of Defendant towards Plaintiff were intentional in that they were willful, wanton, and/or were taken in reckless disregard of Plaintiff's rights, thereby entitling Plaintiff to liquidated damages under the provisions of the ADEA.

32.     As a result of Defendant's unlawful conduct, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, economic damages, emotional distress, loss of enjoyment of life, and loss of enjoyment of profession.

33.     As a further result of the actions of Defendant, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.

**COUNT TWO:     AGE DISCRIMINATION IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, CONN. GEN. STAT. § 46a-60, *et seq*.**

1-28    Paragraphs one through twenty-eight above are incorporated by reference and made paragraphs one through twenty-eight of Count Two as though fully set forth herein.

29.     Based on the foregoing, Plaintiff was discriminated against in the terms and conditions of her employment on the basis of her age in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60, *et seq*.

30.     Defendant discriminated against Plaintiff by subjecting her to disparate treatment, denying her re-leveling opportunities, and ultimately terminating her employment.

31.     The aforementioned actions on the part of Defendant towards Plaintiff were intentional in that they were willful, wanton, and/or were taken in reckless disregard of Plaintiff's rights.

32.     As a result of Defendant's unlawful conduct, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, economic damages, emotional distress, loss of enjoyment of life, and loss of enjoyment of profession.

33.     As a further result of the actions of Defendant, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.

**COUNT THREE:     RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 US.C. §§ 621-634**

1-28     Paragraphs one through twenty-eight above are incorporated by reference and made paragraphs one through twenty-eight of Count Three as though fully set forth herein.

29.     Based on the foregoing, Plaintiff was retaliated against for objecting to Defendant's discriminatory practices and actions based on age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634.

30.     Defendant retaliated against Plaintiff by subjecting her to disparate treatment, denying her re-leveling opportunities, and ultimately terminating her employment.

31.     The aforementioned actions on the part of Defendant towards Plaintiff were intentional in that they were willful, wanton, and/or were taken in reckless disregard of Plaintiff's rights.

9

32.     As a result of Defendant's unlawful conduct, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, economic damages, emotional distress, loss of enjoyment of life, and loss of enjoyment of profession.

33.     As a further result of the actions of Defendant, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.

**COUNT FOUR:     RETALIATION IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, CONN. GEN. STAT. § 46a-60, et seq.**

1-28     Paragraphs one through twenty-eight above are incorporated by reference and made paragraphs one through twenty-eight of Count Four as though fully set forth herein.

29.     Based on the foregoing, Plaintiff was retaliated against for objecting to Defendant's discriminatory practice and actions based on age in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60, et seq.

30.     Defendant retaliated against Plaintiff by subjecting her to disparate treatment, denying her re-leveling opportunities, and ultimately terminating her employment.

31.     The aforementioned actions on the part of Defendant towards Plaintiff were intentional in that they were willful, wanton, and/or were taken in reckless disregard of Plaintiff's rights.

32.     As a result of Defendant's unlawful conduct, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory

damages, economic damages, emotional distress, loss of enjoyment of life, and loss of enjoyment of profession.

33.    As a further result of the actions of Defendant, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff claims a TRIAL BY JURY and:

1. Compensatory damages, including but not limited to, lost wages, lost benefits, emotional distress, loss of enjoyment of life and loss of enjoyment of profession;

2. Back pay;

3. Front pay;

4. Interest and costs;

5. Punitive damages under the ADEA and CFEPA;

6. Liquidated damages under the ADEA;

7. Statutory attorneys' fees and legal costs under the ADEA and CFEPA;

8. Such other relief as in law or equity that may pertain.

PLAINTIFF,
JANET PUNTY

By: _____

Peter B. Prestley (ct15799)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford CT 06103
Tel. (860) 246-2466
Fax: (860) 246-1794
pbprestley@mppjustice.com
Attorneys for Plaintiff